DAVID E. LEE                                          CIVIL ACTION

VERSUS                                               NO. 17-2103

FOREST RIVER, INC., ET AL.                 SECTION "R" (4)

## ORDER AND REASONS

Defendants Forest River, Inc., Dixie Motors, Inc., and Bank of America, National Association, move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).[1]  For the following reasons, the Court grants the motion.

## I.     BACKGROUND

This case arises out of the sale of an allegedly defective recreational vehicle (RV).[2]  On September 14, 2013, plaintiff bought a new 2014 Coachman Leprechaun from Defendant Dixie Motors, LLC.[3]  The purchase was financed by Defendant Bank of America, National Association.[4] Defendants Forest River, Inc. and General Motors, LLC each allegedly

---

[1]     R. Doc. 10.
[2]     R. Doc. 1.
[3]     *Id.* at 3 ¶ 9.
[4]     *Id.* at 7 ¶ 33.

manufactured components of the vehicle.[5]  Plaintiff asserts that the Coachman Leprechaun was defective in materials and workmanship at the time of delivery, and that these defects were discovered within the warranty periods.[6] Specifically, plaintiff alleges that the RV has experienced problems with the engine not starting and dying out, water leaks from the air conditioner, electrical defects, and engine defects.[7]  According to the complaint, plaintiff returned the vehicle to defendants for warranty repairs on multiple occasions, but the defects have not been remedied.[8]

On March 14, 2017, plaintiff filed a complaint against defendants alleging negligent repair, lender liability and violations of both the Magnuson-Moss Warranty Act and Louisiana redhibition laws.[9]  Plaintiff seeks damages, rescission of the sales contract, and attorneys' fees and costs.[10]  Defendants Forest River, Dixie Motors, and Bank of America now move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.[11]  Defendant General Motors has not joined this motion.

---

[5]     *Id.* at 5 ¶ 23; R. Doc. 15 at 7-8.
[6]     R. Doc. 1 at 4 ¶ 17.
[7]     *Id.* at 5 ¶ 17.
[8]     *Id.* at 5 ¶ 18.
[9]     *Id.* at 5-9.
[10]    *Id.* at 9-11.
[11]    R. Doc. 10.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is

apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

Defendants move to dismiss the complaint on the grounds that the alleged defects are not subject to warranty, the Magnuson-Moss Warranty Act claims and redhibition claims are prescribed on the face of the complaint, and Bank of America is not liable as a matter of law.[12]  The Court considers each issue in turn.

### A. Warranty Coverage

The Magnuson-Moss Warranty Act "creates a statutory cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation imposed by the Act or established by a written warranty, implied warranty, or service contract." *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (citation and quotation marks omitted).  "The Act does not require that a seller give a warranty on a consumer product, but if a warranty is given, it must comply with the terms of the Act." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1061 (5th Cir. 1984).  Plaintiff alleges that defendants Forest River and

---

[12]     R. Doc. 10-1 at 1.

General Motors are "suppliers" and "warrantors" under the Magnuson-Moss Warranty Act, and that the express warranties pertaining to the vehicle are a "written warranty" under the Act.[13]

Defendants argue that the defects alleged in the complaint do not give rise to a claim under the Magnuson-Moss Warranty Act because the defects are not covered by a warranty.[14] In support of their motion, defendants attach Forest River's limited warranty for recreational vehicles.[15] The Court may consider a document attached to a motion to dismiss if it is referenced in plaintiff's complaint and central to his claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Plaintiff's complaint alleges an express warranty by Forest River, and this warranty is central to plaintiff's Magnuson-Moss claim against Forest River.[16] Moreover, plaintiff has expressed no objection to the introduction of the warranty. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The Court may therefore consider the terms of the limited warranty.

---

[13]    R. Doc. 1 at 7.
[14]    R. Doc. 10-1 at 6.
[15]    R. Doc. 10-2 at 2.
[16]    R. Doc. 1 at 4 ¶ 15-16.

The Forest River limited warranty provides coverage for a period of one year from the date of purchase or 12,000 miles, whichever occurs first.[17] Plaintiff purchased the RV on September 14, 2013.[18]  The limited warranty covers "the body structure of th[e] recreational vehicle" and expressly disclaims any warranty for "the motorhome chassis including without limitation, the engine and drivetrain, any mechanical parts or systems of the chassis, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment."[19]

Plaintiff does not contest the authenticity of this limited warranty, nor does he argue that the warranty is otherwise invalid.  As required by the Magnuson-Moss Warranty Act, the one-page warranty is conspicuously designated as a "limited warranty," and its terms are "fully and conspicuously disclose[d] in simple and readily understood language." *See* 15 U.S.C. §§ 2302-03.  The warranty also clearly limits the duration of any implied warranties to the one year or 12,000 mile express warranty period.  *See* 15 U.S.C. § 2308(b).  The defects complained of by plaintiff include electrical

---

[17]     R. Doc. 10-2 at 2.
[18]     R. Doc. 1 at 3 ¶ 9.
[19]     R. Doc. 10-2 at 2.

defects, engine defects, and problems with the air conditioning.[20]  These alleged defects do not relate to the body structure of the RV and are expressly excluded by the terms of the limited warranty.  Accordingly, plaintiff has not stated a claim against Forest River under the Magnuson-Moss Warranty Act.

The complaint also asserts that General Motors provided additional warranties on the RV.[21]  General Motors has not joined this motion to dismiss, and any alleged General Motors warranty is not before the Court. The Court therefore makes no finding at this time as to whether the complained of defects are covered by a General Motors warranty.

### B.    Statute of Limitations

The Magnuson-Moss Warranty Act does not supply a statute of limitations, and federal courts apply the limitations period of the analogous state law claim.  *See Hardin v. Forest River*, No. 17-2132, 2017 WL 3311260, at *2 (E.D. La. 2017); *Naquin v. Berryland Campers*, No. 14-2133, 2014 WL 6981944, at *3 (E.D. La. 2014).  In Louisiana, the analogous claim is an action for redhibition. *Hardin,* 2017 WL 3311260, at *2; *Naquin*, 2014 WL 6981944, at *3; *see also Ford Motor Credit Co. v. Bower*, 589 So. 2d 571, 573 (La. App. 1 Cir. 1991) (explaining that breach of warranty actions in Louisiana

---

[20]    *Id.* at 5 ¶ 17.
[21]    *Id* at 4 ¶ 16.

are brought in redhibition).  The same limitations period therefore applies to plaintiff's Magnuson-Moss Warranty Act and redhibition claims.

Under Louisiana law, the prescriptive period for redhibition claims against a seller who did not know of the existence of a defect runs four years from the date of delivery.  La. Civ. Code art. 2534(A)(1).  Regardless of whether the seller knew of the existence of the defect, a redhibition claim prescribes no later than one year from the day the defect was discovered by the buyer.  La. Civ. Code art. 2534.  But "prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs." La. Civ. Code art. 2534(C).

In Louisiana, "[t]he burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run . . . the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period." *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993); *see also Bourque v. Olin Corp.*, 253 F.3d 701 (5th Cir. 2001); *Eastin v. Entergy Corp.*, 865 So. 2d 49, 54 (La. 2004).  Plaintiff purchased the RV on September 14, 2013.[22]  He filed his

---

[22]     R. Doc. 1 at 3.

complaint on March 14, 2017.[23]  Defendants assert that plaintiff's claims are

facially prescribed.[24]  The Court finds that it is apparent from the allegations

in the complaint that plaintiff discovered the alleged defects over one year

before filing suit.  Plaintiff does not contest that he was aware of the defects

more than one year before he filed his complaint.[25]  Instead, plaintiff asserts

that the limitations period was interrupted by repair attempts.[26]

Because plaintiff bears the burden of establishing an interruption of

the prescriptive period, *Younger*, 618 So. 2d at 869, the complaint must

include sufficient allegations regarding the timing of repairs to "raise a right

to relief above the speculative level."  *Twombly,* 550 U.S. at 555; *see also*

*Heilman v. City of Beaumont*, 638 F. App'x 363, 366-67 (5th Cir. 2016)

(explaining that plaintiff must plead facts sufficient to allege that relevant

injuries occurred within the limitations period); *Jones v. Alcoa, Inc.*, 339

---

[23]    R. Doc. 1.
[24]    R. Doc. 10-1 at 5. Defendants emphasize the portion of the complaint
that states that "[f]rom the date of its purchase, the LEPRECHAUN
continues to this day to exhibit some or all of the non-conformities
described herein." R. Doc. 1 at 5 ¶ 18.  Read in the light most favorable to
the plaintiff, this allegation is not a clear admission that plaintiff knew of all
the alleged defects *on the date of purchase*.  But plaintiff's other allegations
make clear that he discovered the alleged defects before March 14, 2016.
[25]    On the contrary, plaintiff's memorandum in opposition represents
that the RV was taken in for service for an engine issue on February 2,
2015, over two years before the date of the complaint. *See* R. Doc. 15 at 8.
[26]    R. Doc. 15.

F.3d 359, 366 (5th Cir. 2003) (affirming Rule 12(b)(6) dismissal where plaintiffs' complaint failed to sufficiently allege a basis for tolling the statute of limitations).

The complaint fails to specify when repairs occurred or which particular defects were subject to repair attempts. *See Mouton v. Generac Power Sys., Inc.*, 152 So. 2d 985, 992-93 (La. App. 3 Cir. 2014) (explaining that repairs of unrelated defects do not interrupt the prescriptive period). Accordingly, plaintiff has not pleaded sufficient facts to indicate that the prescriptive period was interrupted by repairs. Nor has plaintiff adequately alleged that he filed suit within one year of the termination of repair attempts. *See* La. Civ. Code art. 2534(C). The Court therefore finds plaintiff's redhibition and Magnuson-Moss Warranty Act claims prescribed.

## C.   Lender Liability

Plaintiff also asserts a lender liability claim against Bank of America under the Federal Trade Commission's Holder Rule.[27]   As plaintiff acknowledges, the Holder Rule does not provide a separate cause of action and is derivative of plaintiff's claims against the other defendants.[28]   *See Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016);

---

[27]    R. Doc. 1 at ¶ 7; R. Doc. 15 at 15.
[28]    R. Doc. 15 at 18.

*MidFirst Bank v. Craige*, No. 16-3941, 2017 WL 2311740, at *5 (E.D. La. 2017). Because the Court has dismissed plaintiff's redhibition and Magnuson-Moss Warranty Act claims, plaintiff cannot maintain a lender liability claim against Bank of America.

### D.    Leave to Amend

Plaintiff has requested leave to amend his complaint if defendant's motion is granted.[29]  Plaintiff has not previously amended his complaint. The Court will "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

---

[29]    *Id.* at 22.

After consideration of these factors, the Court denies plaintiff leave to amend his Magnuson-Moss Warranty Act claim against Forest River insofar as this claim relates to an express warranty as to the defects identified in the complaint. Because these alleged defects are not covered by Forest River's limited warranty, amendment would be futile. The Court grants plaintiff leave to amend his complaint in other respects.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Plaintiff's claims for redhibition, lender liability, and violations of the Magnuson-Moss Warranty Act are DISMISSED WITHOUT PREJUDICE. Plaintiff has 21 days to amend his complaint. Plaintiff's Magnuson-Moss Warranty Act claim against Defendant Forest River, Inc. is DISMISSED WITH PREJUDICE insofar as this claim relates to an express warranty as to the defects identified in the original complaint.

New Orleans, Louisiana, this __14th__ day of September, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE