UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID E. LEE                                              CIVIL ACTION

VERSUS                                                    NO. 17-2103

FOREST RIVER, INC., ET AL.                                SECTION "R" (4)

## ORDER AND REASONS

Defendants Forest River, Inc., Dixie Motors, Inc., and Bank of America, National Association, move to dismiss plaintiff's complaint.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises out of the sale of an allegedly defective recreational vehicle (RV).[2] On September 14, 2013, plaintiff bought a new 2014 Coachman Leprechaun from Defendant Dixie Motors, LLC.[3] The purchase was financed by Defendant Bank of America, National Association.[4] Defendants Forest River, Inc. and General Motors, LLC each allegedly manufactured components of the vehicle.[5] Plaintiff asserts that the

---

[1]   R. Doc. 17.
[2]   R. Doc. 1.
[3]   *Id.* at 3 ¶ 9.
[4]   *Id.* at 7 ¶ 33.
[5]   *Id.* at 5 ¶ 23.

Coachman Leprechaun was defective in materials and workmanship at the time of delivery.[6] Specifically, plaintiff alleges that the RV has experienced problems with the engine not starting and dying out, water leaks from the air conditioner, electrical defects, and engine defects.[7]

On March 14, 2017, plaintiff filed a complaint in this Court asserting federal claims for violations of the Magnuson-Moss Warranty Act and state law claims for redhibition, lender liability, and negligent repair.[8] On September 14, 2017, the Court dismissed with prejudice plaintiff's Magnuson-Moss Warranty Act claim against Forest River insofar as the claim relates to an express warranty as to the defects identified in the original complaint.[9] The Court dismissed without prejudice plaintiff's claims for redhibition, lender liability, and other violations of the Magnuson-Moss Warranty Act, and granted plaintiff 21 days to amend his complaint.[10] Plaintiff's claim for negligent repair against Forest River and Dixie Motors was not the subject of defendants' original motion to dismiss,[11] and was not dismissed.

---

[6] *Id.* at 4 ¶ 17.
[7] *Id.* at 4-5 ¶ 17.
[8] *Id.* at 5-9.
[9] R. Doc. 16 at 12.
[10] *Id.*
[11] R. Doc. 10-1.

Plaintiff did not file an amended complaint. On October 12, 2017, plaintiff re-filed his claims for redhibition and lender liability in Louisiana state court.[12] On November 13, 2017, plaintiff and General Motors stipulated to the dismissal with prejudice of all claims against General Motors.[13] The remaining defendants now move to dismiss plaintiff's complaint with prejudice.[14]

## II. DISCUSSION

The Court dismissed plaintiff's claims for redhibition, lender liability, and violations of the Magnuson-Moss Warranty Act as time-barred because the complaint failed to allege sufficient facts to indicate that the prescriptive period was interrupted by repair attempts.[15] Plaintiff requested leave to amend his complaint,[16] and the Court granted him 21 days to amend.[17] Plaintiff failed to amend his complaint within the time provided. Because plaintiff was provided an opportunity to cure the deficiencies in his complaint and failed to do so, the Court dismisses these claims with

---

[12] R. Doc. 20 at 2; R. Doc. 20-1.
[13] R. Doc. 27.
[14] R. Doc. 17.
[15] R. Doc. 16 at 7-11.
[16] R. Doc. 15 at 23.
[17] R. Doc. 16 at 12.

3

prejudice. *See, e.g., Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (affirming dismissal of claim with prejudice because plaintiff failed to take advantage of opportunities to amend).

Further, the Court dismisses without prejudice plaintiff's claim for negligent repair for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court may dismiss a claim for failure to prosecute pursuant to its "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Plaintiff has made no effort to move this case forward since the Court's September 14, 2017 order, and his briefing makes clear that he wishes to abandon his federal case in favor of a state court action.[18]

Plaintiff asserts that he did not amend his complaint because the Court's September 14, 2017 order destroyed federal jurisdiction over this matter.[19] But plaintiff misunderstands both the Court's order and federal question jurisdiction. The Court has jurisdiction over plaintiff's Magnuson-Moss Warranty Act claims under 28 U.S.C. § 1331. The Court did not dismiss all of plaintiff's federal claims with prejudice. Instead, the Court granted plaintiff leave to amend his Magnuson-Moss Warranty Act claims except

---

[18]  R. Doc. 20.
[19]  *Id.*

4

insofar as his claim against Forest River relates to an express warranty as to the defects identified in the original complaint.[20]

Plaintiff now represents that amendment of his Magnuson-Moss Warranty Act claim would have been futile because no express warranties were given to plaintiff except for the warranty provided by Forest River.[21] But plaintiff's belief that an amended complaint would be unable to state a valid federal claim[22] does not deprive the Court of federal question jurisdiction over this matter. *See Jung v. K & D Min. Co.*, 356 U.S. 335, 337 (1958) (explaining that an order dismissing a complaint with leave to amend is not a final judgment, and leaves "the suit pending for further proceedings either by amendment of the (complaint) or entry of final judgment") (internal citation omitted). Further, the Court notes that plaintiff's complaint alleges a breach of both written and implied warranties by Forest River and General Motors in violation of the Magnuson-Moss Warranty Act.[23] Plaintiff was free to amend his complaint to assert Magnuson-Moss Warranty Act claims against Forest River for breach of implied warranties,

---

[20] R. Doc. 16 at 12.
[21] R. Doc. 20 at 2.
[22] *Id.*
[23] R. Doc. 1 at 7-8.

or for breach of express warranties as to defects not identified in the original complaint.

Even if the Court had dismissed with prejudice all federal claims in this case, the Court would retain supplemental jurisdiction over plaintiff's state claims, including the negligent repair claim that was not dismissed. *See* 28 U.S.C. § 1367. Plaintiff did not ask the Court to decline supplemental jurisdiction. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (noting that the general rule of declining supplemental jurisdiction "when all federal claims are dismissed or otherwise eliminated from a case prior to trial . . . is neither mandatory nor absolute"). Nor did plaintiff request voluntary dismissal of this action by court order under Federal Rule of Civil Procedure 41(a)(2). Plaintiff made no attempt to inform the Court of his intent to abandon his federal action and proceed with his claims in state court until after defendants filed this motion to dismiss with prejudice.[24] Because the Court retains jurisdiction over this matter and plaintiff failed to timely amend his complaint, the complaint is dismissed.

---

[24] R. Doc. 17; R. Doc. 20.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Plaintiff's claims for redhibition, lender liability, and violations of the Magnuson-Moss Warranty Act are DISMISSED WITH PREJUDICE. Plaintiff's claim for negligent repair is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __28th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE